2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald L. HYMES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35888.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1993.*
Dismissed May 18, 1993.
Resubmitted July 8, 1993.
Decided July 8, 1993.
 
 Before WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 ORDER
 
 1
 The "Motion for Leave to File a Motion to Reconsider and to Vacate the Order of Dismissal" is granted. The motion to vacate the May 18, 1993 published order of dismissal is denied. The motion to reconsider is granted. This case is resubmitted as of July 2, 1993. In a separate memorandum decision, we affirm the district court's decision denying injunctive relief.
 
 
 2
 MEMORANDUM*
 
 
 3
 Donald L. Hymes appeals the district court's denial of an injunction against levy for the 1977 and 1980 through 1987 tax years. We affirm.
 
 
 4
 Hymes sought declaratory and injunctive relief and to quiet title to real and personal property including wages and commissions, a pension fund and bank accounts. The district court denied his request for an injunction for all years but 1988. The court did not address specifically Hymes' request for declaratory relief or to quiet title.
 
 
 5
 * The Anti-Injunction Act states that, with limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. Sec. 7421(a); Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992). A district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within an exception to the Act. Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990).
 
 
 6
 A statutory exception is available where the IRS (1) assesses a deficiency before mailing a deficiency notice or (2) assesses, levies or collects a deficiency during the 90-day period after the notice is sent. Id.; 26 U.S.C. Sec. 6213(a). A judicial exception is available where the taxpayer demonstrates that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Hughes, 953 F.2d at 535 (quoting Elias, 908 F.2d at 525); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 6-7 (1962).
 
 
 7
 "We review de novo the district court's denial of a motion for preliminary injunction for lack of subject matter jurisdiction." Elias, 908 F.2d at 523. The court's factual findings are accepted unless clearly erroneous. Id.
 
 
 8
 None of Hymes' allegations bring his claim within a statutory exception to the Act. He cannot claim the judicial exception based on "bare assertions" of procedural irregularities that are insufficient "to carry his burden of demonstrating that the IRS cannot ultimately prevail on the merits." Id. at 526.
 
 II
 
 9
 Hymes seeks a declaration that "the claims of the United States to [his] property and/or rights to property ... are of no validity whatsoever." District courts have no jurisdiction to issue a declaratory judgment in federal tax cases. Hughes, 953 F.2d at 536-37.
 
 III
 
 10
 The United States may be named a party in an action to quiet title to real or personal property on which it has or claims a mortgage or lien. 28 U.S.C. Sec. 2410(a). The taxpayer may challenge only the procedural aspects of tax liens, not the merits of the underlying tax assessment. Hughes, 953 F.2d at 538. A Sec. 2410(a) quiet title action is jurisdictionally barred if the United States claims a title interest, rather than a lien interest, in the disputed property. Id.
 
 
 11
 The district court had no jurisdiction over the quiet title action as it related to bank funds, wages and commissions already seized by the government. The United States had title to those properties. The court had jurisdiction over the action as it related to future wages and commissions, Farr v. United States, 990 F.2d 451, 453 (9th Cir.1993); Hughes, 953 F.2d at 538, and to Hymes' pension fund, see Arford v. United States, 934 F.2d 229, 230, 232 (9th Cir.1991). Only one of his contentions, however, that the IRS did not send him a "formal notice of assessment and demand for tax under 6303(a)," addresses the procedural aspects of the IRS liens. See 26 U.S.C. Sec. 6321; see also Elias, 908 F.2d at 527.
 
 
 12
 We need not remand because Hymes' procedural attack is insufficient to support a Sec. 2410 claim. See Hughes, 953 F.2d at 538. The record contains ample evidence that the IRS sent notices of assessment and demand for payment. It has met its burden by showing that they were sent to Hymes' current address. His quiet title action fails.
 
 
 13
 We have considered his other arguments and find them meritless. The judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3