**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RENEE MARKS,

       Plaintiff-Appellant,

v.

US WEST DIRECT,

       Defendant-Appellee,

_____

DAVID L. SMITH,

       Attorney-Appellant.

No.  98-1043
(D.C. No. 95-WM-2781)
(D. Colo.)

**ORDER AND JUDGMENT** [*]

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

_____

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Renee Marks, pro se, and David L. Smith, a disbarred attorney, <u>see</u> <u>In re Smith</u>, 76 F.3d 335, 336 (10th Cir. 1996), appeal following the district court's grant of summary judgment to Ms. Marks. We dismiss the appeal.

Ms. Marks and Mr. Smith filed and signed a joint notice of appeal to this court. <u>See</u> 10th Cir. R. 3.1. Counsel for US West Direct has notified this court that Ms. Marks is deceased. We determined that Ms. Marks' action would survive her death. <u>See, e.g.</u>, <u>Slade ex rel. Slade v. United States Postal Serv.</u>, 952 F.2d 357, 360 (10th Cir. 1991) (looking to state law to determine whether Title VII action will survive party's death); Colo. Rev. Stat. § 13-20-101(1) (all actions, except those for slander or libel, survive party's death though certain identified damages may not be awarded); <u>Smith v. Department of Human Servs.</u>, 876 F.2d 832, 836-37 (10th Cir. 1989) (ADEA action seeking certain identified remedies may survive party's death). Therefore, we entered an order directing Ms. Marks' next of kin or personal representative to enter an appearance and file a brief on behalf of her estate. <u>See</u> Fed. R. App. P. 43(a). No response to this order has been filed. Therefore, we consider Ms. Marks' appeal abandoned and dismiss it. <u>Cf.</u> <u>Abercrombie v. City of Catoosa</u>, 896 F.2d 1228, 1231 (10th Cir. 1990) (any

issue not briefed is considered waived); Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992) (court may dismiss claims not properly argued).

Mr. Smith appeals the district court's denial of his motion to intervene in Ms. Marks' action in that court. The court denied that motion June 21, 1996. Mr. Smith filed his notice of appeal from that order February 2, 1998. Mr. Smith's notice of appeal is untimely as to that issue and the appeal must be dismissed. See Coalition of Ariz./N.M. Counties for Stable Economic Growth v. Department of Interior, 100 F.3d 837, 839 (10th Cir. 1996) (order denying intervention is final and subject to immediate appeal if it prevents applicant from becoming party to action).

Mr. Smith also appeals the district court's order granting summary judgment to defendants. Mr. Smith was not a party below and, hence, has no standing to appeal that order. See Concorde Resources, Inc. v. Woosley (In re Woosley), 855 F.2d 687, 687 (10th Cir. 1988) (nonparty lacks standing to appeal absent most extraordinary circumstances); cf. Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir. 1993) (counsel have standing to appeal orders issued directly against them, but not from those applicable only to their clients).

This appeal is DISMISSED.    Defendant's motion for sanctions is DENIED.

Mr. Smith's motion to transfer this case to the United States Court of Appeals for

the Federal Circuit is DENIED.  All remaining outstanding motions are DENIED.

The mandate shall issue forthwith.


Entered for the Court


John C. Porfilio
Circuit Judge