**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID L. SMITH,

    Plaintiff-Counterclaim-
Defendant,

v.

PHILLIP S. FIGA and BURNS,
FIGA & WILL, P.C.,

    Defendants-Counterclaimants-
Appellees,

and

MARY JULIA HOOK,

    Counterclaim-Defendant-
Counterclaimant-Appellant.

No. 00-1261
(D.C. No. 97-WY-34-WD)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this appeal, plaintiff Mary Julia Hook [1] appeals four rulings by the district court: (1) denial of plaintiffs' request that Judge Downes disqualify himself; (2) grant of partial summary judgment dismissing plaintiff David L. Smith's legal malpractice claims; (3) dismissal of plaintiffs' RICO claims; and (4) remand of defendants' remaining contract claim to state court. We affirm the district court's judgment and dismissal because the district court judge was well within his discretion in refusing to recuse himself and in remanding the remaining contract claim to state court after dismissal of the federal claims, and the RICO claims were not pled with sufficient particularity to avoid dismissal. We dismiss the appeal of the judgment in favor of defendants on Mr. Smith's legal malpractice claims because Ms. Hook lacks standing to appeal those claims. [2]

## I. Background

Mr. Smith brought an action in state court alleging legal malpractice against his former attorney, Mr. Figa, and Mr. Figa's law firm. The defendants counterclaimed against Mr. Smith for breach of contract, joining Ms. Hook as a counterclaim defendant because she was a party to the agreement for payment

---

[1] Ms. Hook is a licensed attorney appearing *pro se*.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of the firm's fees incurred in its representation of Mr. Smith. Mr. Smith and Ms. Hook then brought additional claims against defendants, alleging RICO violations in connection with the law firm's billing practices. Upon introduction of the federal RICO claims, defendants removed the case to federal district court.

After the case was removed, Mr. Smith and Ms. Hook filed a motion to disqualify Judge Downes, which he denied. The district court went on to grant partial summary judgment in favor of defendants on Mr. Smith's legal malpractice claims, dismiss Mr. Smith and Ms. Hook's RICO claims under Fed. R. Civ. P. 12(b)(6) and 9(b), and remand defendants' remaining contract claim to state court. Mr. Smith and Ms. Hook appealed these rulings. At the outset of this appeal, Mr. Smith was ordered to show cause why he should not be dismissed as a party to the appeal, pursuant to a previous order of this court restricting Mr. Smith's ability to pursue *pro se* appeals in this court. After considering Mr. Smith's response to the order to show cause, the Chief Judge of this court issued an order denying Mr. Smith permission to proceed *pro se* and dismissing him from this appeal. Consequently, Ms. Hook is the only appellant in this matter.

*II. Discussion*

1.      Disqualification.

Ms. Hook argues that the district court erred in denying the motion to recuse on account of bias, a ruling we review for abuse of discretion. See <u>Bryce</u>

v. Episcopal Church in the Diocese of Colo., 289 F.3d 648, 659 (10th Cir. 2002). Generally, Ms. Hook argues that Judge Downes' "obvious" bias against Mr. Smith was transferred to her by association. Aplt. Br. at 11. Specifically, she cites "numerous delays" and "unreasonable rulings" as evidence of Judge Downes' bias against her. Id. at n.2.

An unsubstantiated allegation of bias is insufficient to mandate recusal. Willner v. Univ. of Kan., 848 F.2d 1023, 1027 (10th Cir. 1988) (recusal motion under 28 U.S.C. § 455(a)). That is precisely the nature of Ms. Hook's allegation that the court's bias against Mr. Smith was conferred upon her. She states no facts "concerning [Judge Downes'] demeanor that would cause a reasonable man to doubt the judge's impartiality." Id. (quotation omitted). And her characterization of adverse rulings as evidence of the judge's impartiality is insufficient to establish bias. See id. at 1028 (stating that "motion to recuse cannot be based solely on adverse rulings"). Further, her passing reference to delayed rulings as evidence of bias is completely unsupported by any facts and must fail. See id. For these reasons, we conclude that Judge Downes did not abuse his discretion in denying the motion to disqualify.

2.    Legal Malpractice Claims.

The district court granted defendants' motion for partial summary judgment on Mr. Smith's legal malpractice claims.  Ms. Hook appeals this ruling–something she must have standing to do.

> This "irreducible constitutional minimum" of standing requires: (1) that the plaintiff have suffered an "injury in fact"--an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of--the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Bennett v. Spear, 520 U.S. 154, 167 (1997) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)); see also In re Grand Jury, 111 F.3d 1066, 1071 (3d Cir. 1997) ("The same constitutional minima for standing to sue [i.e., injury in fact, causation, and redressibility] are also required for standing to appeal.").  In the appellate context, "one must be aggrieved by the order from which appeal is taken." Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir. 1993).  And "[t]he law is well-settled that a party is generally not aggrieved by, and thus lacks standing to appeal from, a judgment rendered against a co-party." Penda Corp. v. United States, 44 F.3d 967, 971 (Fed. Cir. 1994).  Here, the legal malpractice claims were brought by Mr. Smith before Ms. Hook was a party to the suit.  And it follows that the judgment on those

claims was entered against the party who brought them, Mr. Smith. Although defendants joined Ms. Hook as a defendant on their contract claim before judgment on the malpractice claims was entered, that did not change the fact that the judgment on the malpractice claims was entered not against Ms. Hook, but against her co-party. To overcome this standing obstacle, Ms. Hook makes a narrow argument attempting to show she was aggrieved by the judgment against her co-party.

In support of her standing, Ms. Hook points to her potential liability as a party to the fee agreement for defendants' legal representation of Mr. Smith. She argues that she is aggrieved by the dismissal of Mr. Smith's malpractice claims because it may affect her ability to allege defendants' malpractice in defense of their fee-contract claim, which was remanded to state court. Because injury-in-fact requires an invasion of a legally protected interest that is actual or imminent, and not conjectural or hypothetical, "[t]his court's focus is on past and present injury; possible future injury is insufficient to create standing." Keyes v. Sch. Dist. No. 1, 119 F.3d 1437, 1445 (10th Cir. 1997). And while unrealized but imminent harm can satisfy the injury-in-fact element, the Supreme Court has cautioned that the concept of imminence "cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III

-6-

purposes–that the injury is *certainly* impending." <u>Lujan</u>, 504 U.S. at 564 n.2 (quotation omitted).

The injury that Ms. Hook alleges cannot establish her standing because it is "indirect and consequential, rather than direct and immediate." <u>Id.</u> In fact, the possible injury is so theoretical and hypothetical that it hinges on the assumption, as Ms. Hook herself recognizes, that any court hearing the fee-contract dispute would apply finality principles inappropriately. The injury she alleges is too conjectural and hypothetical to have conferred standing upon her to bring the malpractice claims in the first instance, and, for the same reason, she is not aggrieved by the judgment. Ms. Hook has no standing to appeal the district court's ruling on the malpractice claims brought by Mr. Smith.

3. RICO Claims.

Ms. Hook counterclaimed against defendants, alleging that they violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), (d). To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a civil RICO claim must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." <u>Cayman Exploration Corp. v. United Gas Pipe Line Co.</u>, 873 F.2d 1357, 1362 (10th Cir. 1989). This court has held that RICO predicate acts based on fraud must be stated with the particularity required by Fed. R. Civ. P. 9(b). <u>Id.</u> This requirement is to ensure that defendant

and the trial court have "clear notice of the factual basis of the predicate acts," and it is especially important, as here, "where the predicate fraud allegations provide the only link to federal jurisdiction."     Id.

The district court found that the two RICO claims based on mail and wire fraud were lacking in the required specificity, and after de novo review, we agree. See id. at 1359.  The "cross claim" states that "on numerous occasions in 1993, 1994, and 1995, Mr. Figa unlawfully used the United States mail and made wire communications in furtherance of a scheme to engage in fraudulent billing practices (including extortionate payment demands) based on outrageously excessive fees, costs and expenses."  Reply to Counterclaim, Affirmative Defenses and Mitigating Circumstances, and Cross Claims, dated January 6, 1997.  This allegation contains no details or specifics of the predicate mail/wire fraud acts: there are no details about the nature of the fraudulent billing practices or when they occurred.  The pleading does not allege what the billing practices were, let alone how they were fraudulent:  the allegations fall well short of the particularity requirements for pleading fraud.

The RICO claims also fail to adequately allege a pattern of racketeering activity.  The statute requires at least two acts of racketeering activity, and, "while two acts are necessary, they may not be sufficient."     Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 n.14 (1985).  Because the allegations include absolutely

no details about the timing and nature of the predicate acts, it is impossible to tell from the pleading whether there were two acts, what those two acts were, or if they were sufficiently related and continuous as to constitute a pattern.

In addition to the substantive RICO claim, the "cross claim" also alleged conspiracy to violate § 1962(c), which is a violation of 18 U.S.C. § 1962(d). The district court was correct to dismiss the § 1962(c) RICO claim for lack of particularity and detail, and it follows that dismissal of the conspiracy claim was also correct.

4.      Remand to State Court.

After dismissing the RICO claims that provided the sole basis for federal jurisdiction, the district court remanded the remaining contract claim to state court. Ms. Hook takes issue with that action, arguing that it violated her right to access the courts. We hold that the district court did not abuse its discretion in remanding defendants' counterclaim for payment of fees.      See United Mine Workers of Am. v. Gibbs  , 383 U.S. 715, 726 (1966) (recognizing discretionary nature of ruling and holding that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well").

*III.  Motion for Costs*

Defendants filed a motion requesting damages and costs pursuant to Fed. R. App. P. 38, which permits sanctions for frivolous appeals. "An appeal

is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." <u>Braley v. Campbell</u>, 832 F.2d 1504, 1510 (10th Cir. 1987). Although Ms. Hook's appeal of the insufficiently pled RICO claims may border on frivolous, we are not prepared to say that, on the whole, the result in this appeal was obvious or that the appeal was wholly without merit. Ms. Hook was joined as a party to this action on account of her alleged contractual liability for Mr. Smith's legal fees. Although her argument to establish her standing to appeal the district court's ruling on legal malpractice claims was unsuccessful, we cannot say that it was frivolous. And we are not prepared to label her substantive arguments in attempting to appeal the legal malpractice claims as completely lacking in merit, since we did not consider them.

## *IV. Conclusion*

We AFFIRM the judgment of the district court insofar as it denied the motion to disqualify, dismissed the RICO claims, and remanded the remaining claim to state court. Because Ms. Hook lacks standing to appeal the grant of summary judgment in favor of defendants on the legal malpractice claims, we

DISMISS her appeal of the district court's judgment on those claims. Defendants'

motion for award of just damages and single or double costs is DENIED.

Entered for the Court


Robert H. Henry
Circuit Judge