**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID LEE SMITH,

        Petitioner-Appellant,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

_____

No. 04-9009
(T.C. No. 8747-00)
(Tax Court)

DAVID LEE SMITH,

        Petitioner-Appellant,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 04-9010
(T.C. No. 11725-02)
(Tax Court)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO,** and **ANDERSON**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In these appeals, David Lee Smith asserts that the United States Tax Court erred in denying his motions for leave to file motions to vacate or revise that court's earlier decisions. We affirm, and we deny Smith's motions for recusal of this court and his motion for attorney fees. We grant the government's motion for sanctions.

## Motions to Recuse

First, we address Mr. Smith's motion and supplemental motion for recusal and disqualification of the entire United States Court of Appeals for the Tenth Circuit. Federal judges have a "'duty to sit' on cases filed with the court." *Switzer v. Berry,* 198 F.3d 1255, 1257 (10th Cir. 2000). Recusal of a judge is not "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 1258 (quotations omitted). In *Switzer*, we applied these principles and held that "a lawsuit brought indiscriminately against all the active and senior judges on the Tenth Circuit Court of Appeals does not operate automatically to render the court unable to hear and decide an appeal brought by the plaintiff/petitioner." *Id.*

-2-

Mr. Smith, an attorney, has a lengthy history with this court. Due to his pattern of abusive pro se litigation, the Tenth Circuit has enjoined his "proceeding as an appellant, or as a petitioner in an original proceeding, without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se." *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998). There is no restriction on Mr. Smith's proceeding as a represented litigant in this court.

Also, Mr. Smith has been disbarred from the practice of law in the Tenth Circuit for violating a prior suspension order and for practicing without authorization. *In re Smith,* 76 F.3d 335, 336 (10th Cir. 1996); *see also In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (suspending Mr. Smith from practicing law in the Tenth Circuit). According to Mr. Smith, the United States Court of Appeals for the Fifth Circuit, the United States District Court for the District of Colorado, the United States District Court for the Northern District of Texas, and the Colorado Supreme Court have also suspended or disbarred him, based on the Tenth Circuit's rulings. Supp'l Mot. at 2-3.

Mr. Smith has filed a complaint in district court pursuant to 42 U.S.C. § 1983, naming as defendants eleven active and senior judges of the United States Courts of Appeals for the Tenth and Fifth Circuits, the Clerk of Court for the Tenth Circuit Court of Appeals, several judges of the United States District

Courts of Colorado and the Northern District of Texas, a Colorado attorney, and the Chief Justice of the Colorado Supreme Court. The district court dismissed the action and Mr. Smith filed an appeal. That appeal, *Smith v. Seymour*, No. 05-1032 (10th Cir., filed Jan. 1, 2005), is pending in this court. No member of this panel is named as a defendant/appellee in Mr. Smith's current appeal.

Mr. Smith assumes, but does not show, prejudice or even a fact from which the appearance of prejudice might arise. Neither this court's enforcement of sanctions against him nor his action against other judges disqualifies this panel from hearing and resolving this appeal. Mr. Smith's motions are denied.

**Tax Court's Dismissal of Motions to Vacate or Revise Decision**

In the summer of 2000, Mr. Smith and his spouse Mary Julia Hook, who is also an attorney, filed a petition with the United States Tax Court seeking a redetermination of assessed deficiencies in their federal income tax liabilities for 1992, 1993, and 1994 (Case I). Two years later, Mr. Smith and Ms. Hook filed another petition seeking a redetermination of deficiencies for 1995 and 1996 (Case II). This court has described the Tax Court litigation:

> Case I was originally set for trial on September 10, 2001, but was continued, at Taxpayers' request, after a hearing. Following four days of trial between May 2, 2002, and August 19, 2002; several additional continuances at [T]axpayers' request and the consolidation of the first case with the more recently filed second case. Taxpayers failed to appear at the resumption of the trial scheduled for May 19, 2003. Taxpayers had filed an emergency motion to strike and reset the trial date on May 16, 2003. Taxpayers neglected to notify their

ten witnesses under subpoena who did appear at the trial setting along with one witness on behalf of the Commissioner. Ms. Hook claims that she and her husband missed the trial setting because "they were both very, very sick." After permitting the taxpayers to show cause, the tax court then dismissed the consolidated cases for failure to properly prosecute, and entered a decision in the amounts requested by the Commissioner for each year.

*Hook v. Comm'r*, 103 Fed. Appx. 661, 662-63 (10th Cir. July 13, 2004) (unpublished) (citations omitted).

Ms. Hook, but not Mr. Smith, appealed the dismissal. In the course of resolving the appeal, this court observed that "[n]o court, including the tax court, is required to tolerate conduct that disrupts the orderly administration of justice and hinders the court's management of its docket." *Id.* at 663. We concluded that the Tax Court did not abuse its discretion in dismissing the cases for failure to prosecute. *Id.* at 664.

After this court affirmed the judgment against Ms. Hook on appeal, Mr. Smith filed motions in the two Tax Court cases for leave to vacate or revise its decisions with regard to his interests. The Tax Court promptly denied the motions by imprint stamp, without comment. Mr. Smith, who is being represented by Ms. Hook in this court, then filed a notice of appeal from the denial of his motion in each of the cases. The appeals have been consolidated for procedural purposes only.

A Tax Court decision normally becomes final ninety days after entry if no party files a notice of appeal. *See* 26 U.S.C. §§ 7481(a)(1), 7483. And, "as a general rule, the Tax Court lacks jurisdiction to vacate a decision once it becomes final." *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1259 (11th Cir. 2000) (collecting cases). Our sister circuits, however, have recognized an exception to the rule in instances of fraud on the court. *Id.*; *see also Drobny v. Comm'r*, 113 F.3d 670, 677 (7th Cir. 1997) (allowing a narrow exception to the rule of finality "if the party seeking to vacate the decision could convincingly establish that the decision resulted from a fraud upon the court") (quotation omitted); *Billingsley v. Comm'r*, 868 F.2d 1081, 1085 (9th Cir. 1989) (acknowledging Tax Court jurisdiction to entertain a motion to vacate at any time if the decision was obtained by fraud on the court).

In the Tax Court, Mr. Smith alleged that the dismissal orders were based on "false and defamatory" charges, which "constituted a fraud on petitioners and the Court." R., Vol. I, Doc. 32-A at 2 (Case II); *id.* at vol. VI, Doc. 90-A at 2 (Case I). Accordingly, we conclude that the Tax Court had jurisdiction to deny the motions to vacate.

We therefore proceed to the only substantive issue in this case: whether these rulings amounted to an abuse of discretion. *See Davenport Recycling Assocs.*, 220 F.3d at 1258 (collecting cases applying the abuse-of-discretion

standard to the Tax Court's denial of leave to file a motion to vacate). The "high" standard for abuse of discretion requires a showing of "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Schrier v. Univ. of Colo.*, No. 03-1275, 2005 WL 2902586, at *3 (10th Cir. Oct. 31, 2005) (quotation omitted). Based on the record before us, we discern absolutely no abuse of discretion in the denial of Mr. Smith's motions to vacate.

### Motions for Sanctions

The Commissioner has moved for an order requiring Mr. Smith and Ms. Hook to pay sanctions in the amount of $6,000 for bringing and maintaining a groundless appeal. Mr. Smith has opposed the motion and countered with a request for sanctions against the government for $2,880 in attorney fees attributable to responding to the Commissioner's motion.

This court has the authority to impose sanctions: "[t]o deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987); *see also* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs

to the appellee."). In an appropriate case, Rule 38 permits sanctions against attorneys as well as parties, if an attorney has brought a truly frivolous appeal on behalf of a client. *Braley*, 832 F.2d at 1511. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.* at 1510 (quotation omitted)..

When a court is considering the imposition of sanctions under Rule 38, due process requires that notice and an opportunity to be heard be given to the persons against whom sanctions are requested. *Id*. at 1514. Due process requirements are satisfied if the party seeking sanctions files a separate motion for sanctions and the party against whom sanctions are sought has "the opportunity to file a brief or otherwise be heard." *Id*. at 1515.

An unvarnished recitation of the steps leading to Mr. Smith's appeal demonstrates its frivolousness. He and Ms. Hook were co-petitioners in the dismissed Tax Court cases. Only Ms. Hook timely appealed the dismissals. In Ms. Hook's appeal, this court summarily affirmed the Tax Court's actions. *Hook,* 103 Fed. Appx. at 664. Mr. Smith then asked the Tax Court for leave to vacate or revise its just-affirmed decisions. The Tax Court denied his motions. Mr. Smith, represented by Ms. Hook, appealed to this court.

For this blatant waste of judicial time and resources, sanctions are appropriate. Because the Commissioner filed a separate motion for sanctions

(with documentation of the average expense in attorney salaries and costs incurred in defense of frivolous taxpayer appeals) and Mr. Smith responded in opposition to the motion, due process considerations have been met. We grant the Commissioner's motion and order Mr. Smith and Ms. Hook, jointly and severally, to pay the lump sum of $6,000 to the Commissioner. For obvious reasons, we deny Mr. Smith's counter-motion for attorney fees.

The judgment of the United States Tax Court is AFFIRMED. Mr. Smith's motions for recusal of this court are DENIED. The Commissioner's motion for sanctions is GRANTED; Mr. Smith's motion for sanctions is DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge