F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID L. SMITH,

      Plaintiff-Appellant,

  v.

STEPHANIE K. SEYMOUR, United
States Circuit Judge; BOBBY R.
BALDOCK, United States Circuit
Judge; WADE BRORBY, United
States Circuit Judge; DAVID EBEL,
United States Circuit Judge; MARY
BRISCOE, United States Circuit
Judge; DEANELL REECE TACHA,
United States Circuit Judge;
CAROLYN DINEEN KING, United
States Circuit Judge; THOMAS M.
REAVLEY, United States Circuit
Judge; JACQUES L. WIENER, JR.
United States Circuit Judge; E.
GRADY JOLLY, United States Circuit
Judge; PATRICK E.
HIGGINBOTHAM, United States
Circuit Judge; PATRICK J. FISHER,
JR., United States Circuit Clerk; ZITA
L. WEINSHIENK, United States
District Judge; EDWARD W.
NOTTINGHAM, United States
District Judge; DANIEL B. SPARR,
United States District Judge; LEWIS
T. BABCOCK, United States District
Judge; WILEY Y. DANIEL, United
States District Judge; SIDNEY A.
FITZWATER, United States District
Judge; SAM R. CUMMINGS, United
States District Judge; TERRY R.
MEANS, United States District Judge;

No. 05-1032
(D.C. No. 03-M-548)
(D. Colo.)

JERRY BUCHMEYER, United States
District Judge; PHILLIP S. FIGA,
Attorney; MARY MULLARKEY,
Colorado Supreme Court Judge, All
individually and in their
official capacities,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

David L. Smith, an attorney proceeding through counsel,[1] appeals the district court's dismissal of his civil rights complaint and its refusal to alter or amend its judgment. We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM.

After this court suspended and then disbarred Mr. Smith from the practice of law before this court, other courts imposed reciprocal discipline. Mr. Smith

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Smith signed his opening and reply briefs as a pro se attorney-appellant. Because his ability to proceed pro se was restricted, however, *see Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998), counsel entered an appearance on his behalf.

filed a complaint against judges of this court and the other courts who were involved in the disciplinary decisions. He also named as defendants the clerk of this court, a justice of the Colorado Supreme Court, and the attorney who represented him in the Colorado federal district court disciplinary proceedings. The district court granted defendants' motions to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Mr. Smith lists ten issues in his opening brief's "Statement of the Issues." Aplt. Br. at 2-3. His "Statement of Facts" essentially repeats his "Statement of the Issues," with minimal further discussion. *Id.* at 4-6. Mr. Smith then adopts his "Statement of Facts" as his argument, adding only a verbatim recitation of each of the seven exhibits he offered before the district court at a November 10, 2004, hearing, with each recitation followed by the conclusory allegation that "Judge Matsch clearly abused his discretion (if any) and/or committed reversible error by ignoring the foregoing Exhibit." *Id.* at 7-30. The brief contains no citation to or discussion of legal authority to support any of the points listed in the "Statement of Issues."

When a litigant fails to comply with the requirements of Federal Rule of Appellate Procedure 28, "we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). Due to his inadequate briefing, Mr. Smith has waived appellate consideration of his issues. "We do not consider

merely including an issue within a list to be adequate briefing." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002). "[I]ssues will be deemed waived if they are not adequately briefed." *Id.*; *see also Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation omitted); *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("We . . . will not consider issues that are raised on appeal but not adequately addressed.").

Under the principles discussed in *Switzer v. Berry*, 198 F.3d 1255, 1257-58 (10th Cir. 2000), Mr. Smith's motion and supplemental motion for recusal and/or disqualification of the United States Court of Appeals for the Tenth Circuit are GRANTED to the extent that those Tenth Circuit judges named as defendants in the complaint are recused from this matter, and otherwise it is DENIED. The judgments of the district court are AFFIRMED.[2]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] The district court expressed concern that Mr. Smith could not apply for readmission to other courts while he remained disbarred in this court and this court apparently would not hear his attempts to seek relief. Recently, however, a panel of this court granted Mr. Smith's petition for reinstatement and allowed him to reapply for admission to practice before this court. *In re David L. Smith*, No. 93-631 (10th Cir. May 4, 2007). Thus, this issue no longer presents a concern.