**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re:  DAVID L. SMITH, a/k/a David
Lee Smith, a/k/a David Smith; M.
JULIA HOOK, a/k/a Mary Julia Hook,
a/k/a Julia Hook,

Debtors,

_____

DAVID L. SMITH,

Plaintiff - Appellant,

v.

COLORADO SUPREME COURT,

Defendant - Appellee.

No. 08-1030

(D. Colorado)

(BAP No. CO-07-028)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

_____

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant David L. Smith, an attorney, was a debtor in a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the District of Colorado. In his bankruptcy action he filed a complaint against the Colorado Supreme Court, challenging his disbarment by that court and seeking declaratory and injunctive relief that would restore his privileges as a licensed attorney in that state. On motion by the Colorado Supreme Court, the bankruptcy court dismissed the complaint, holding that it lacked subject-matter jurisdiction to review the decision of the Colorado court under the *Rooker-Feldman* doctrine. See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Mr. Smith appealed to the United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP), which affirmed the dismissal. He now appeals the BAP's decision. Exercising jurisdiction under 28 U.S.C. § 158(d), we affirm.

The doctrine that has become known as *Rooker-Feldman* recognizes that the lower federal courts have no authority to review the final judgments of state courts. As we have explained:

> The *Rooker-Feldman* doctrine is the product of two Supreme Court cases interpreting 28 U.S.C. § 1257(a). Section 1257(a) provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." The *Rooker-Feldman* doctrine is the negative inference of § 1257(a): if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is not vested in lower federal courts. Section 1257(a) thus implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts.

*Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004), *abrogated in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). This doctrine applies to suits challenging state-court decisions regarding admission to that state's bar. *See Feldman*, 460 U.S. at 479.

The facts of *Feldman* itself closely resemble those of Mr. Smith's case. In *Feldman* two attorneys who had been denied admission to the District of Columbia Bar after seeking waiver of its requirements brought suit in federal district court, asking the court to order the District of Columbia Court of Appeals to permit them to sit for the bar examination. 460 U.S. at 465–73. The Supreme Court held that the district court lacked subject-matter jurisdiction to review the District of Columbia court's denial of their petitions. *Id.* at 482.

Despite the striking similarity between his case and *Feldman*, Mr. Smith makes three arguments that *Rooker-Feldman* does not bar his claim, all of which we find unavailing. First, he contends that the relief he seeks—"declaratory and prospective injunctive relief, and reinstatement or readmission to the Colorado bar"—would not overturn the state court judgment. Aplt. Br. at 11–12. We disagree. As the BAP explained: "This is a distinction without a difference. Even if [Mr. Smith] seeks only prospective relief, the bankruptcy court could not grant that relief without reversing the Supreme Court's order of disbarment." Aplee. Supp. App. at 190.

Second, Mr. Smith argues that *Rooker-Feldman* does not apply because the Colorado Supreme Court did not have jurisdiction over the disciplinary proceedings against him. Smith has cited no authority, and we have found none, for the proposition that there is a general exception to *Rooker-Feldman* when the state court is alleged to have acted without jurisdiction. Even if the Colorado Supreme Court was without jurisdiction to decide Smith's case, a highly dubious proposition, Smith's exclusive avenue for federal-court relief was nevertheless a petition to the United States Supreme Court.

Finally, Smith quotes *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1110 (10th Cir. 2000), for the proposition that "the *Rooker-Feldman* doctrine does not bar a federal action, when the plaintiff . . . lacked a reasonable opportunity to litigate claims in the state court." We have previously rejected this very interpretation of *Johnson*. *See Kenmen Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir. 2002), *abrogated in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280, and by *Lance v. Dennis*, 546 U.S. 459 (2006). As we pointed out in *Kenmen*, the plaintiff in *Johnson* was not a party to the original state-court action; *Johnson* did not recognize a general "full and fair opportunity" requirement in the *Rooker-Feldman* doctrine. *Id.* at 478–79. We reaffirmed that *Rooker-Feldman* applies "regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Id.* at 478. "[C]onsideration of whether a federal-court plaintiff lacked an opportunity

-4-

to previously litigate her claims in a state-court proceeding is only relevant insofar as it informs the analysis of whether the federal-court plaintiff is a 'non-party' . . . ." *Id.* at n.9.

The bankruptcy court and the BAP were correct in concluding that Mr. Smith's claim is barred by the *Rooker-Feldman* doctrine. We AFFIRM the judgment of the BAP.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge