**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

DAVID LEE SMITH,

Appellant.

No. 08-1323
(D.C. No. 96-DP-4)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

David Lee Smith appeals from an order denying his petition for

reinstatement to the bar of the United States District Court for the District of

Colorado. He also appeals orders denying his motion to alter or amend and his

petition for relief from the district court's rule of good standing. He argues that

the district court's three-judge Disciplinary Panel abused its discretion by denying

him reinstatement to the district court bar; that the Disciplinary Panel denied him

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

due process by refusing to disclose items from the record; that then Chief Judge Nottingham should have recused himself pursuant to 28 U.S.C. § 455(a) and (b); and that the Disciplinary Panel erred in denying his petition for relief from the rule of good standing. We have jurisdiction to review these orders, *see In re Martin*, 400 F.3d 836, 840 (10th Cir. 2005), and we affirm.

On November 29, 1993, we suspended Mr. Smith from practicing law before this court. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam), *cert. denied*, 513 U.S. 807 (1994). And on February 13, 1996, we converted that suspension to a disbarment because Mr. Smith continued to practice before this court despite his suspension. *In re Smith*, 76 F.3d 335, 336 (10th Cir. 1996) (per curiam), *cert. denied*, 519 U.S. 871 (1996). Based on our disbarment, the Colorado district court disbarred Mr. Smith on April 26, 1996, and the Colorado Supreme Court disbarred him on October 14, 1999, *In re Smith*, 989 P.2d 165 (Colo. 1999) (per curiam).

On May 4, 2007, we granted Mr. Smith's motion for reinstatement to practice before this court, provided that he meet certain conditions. *In re Smith*, No. 93-631, 2007 WL 4953041 (10th Cir. May 4, 2007). Mr. Smith met these conditions. Based on his May 17, 2007, reinstatement, he then applied for reinstatement to the bar of the Colorado district court.[1] The district court's

---

[1] The Fifth Circuit and the Northern District of Texas reinstated Mr. Smith to practice before those courts based on our order of reinstatement.

three-judge Disciplinary Panel denied reinstatement based on the recommendation of the Committee on Conduct and on the Panel's independent review, because Mr. Smith remained disbarred by the Colorado Supreme Court. The Panel reasoned that under the district court's local rules, "an attorney admitted to the [district court] bar . . . must remain in good standing in all courts where admitted; that the status of good standing means not being subject to suspension or disbarment by any court for any reason; and that an attorney not in good standing is not to practice before [the district] court. D.C.Colo.L.Civ.R. 83.3E and D.C.Colo.L.Cr.R. 57.5E." Aplt. App. at 7 (Order Denying Restatement).

Mr. Smith then filed a motion to alter or amend the judgment, asserting that the Disciplinary Panel's interpretation of the local rules deprived him of substantive and/or procedural due process since the Tenth Circuit had reinstated him and the Colorado Supreme Court's continued disbarment was improper in light of the Tenth Circuit's reinstatement. Additionally, he criticized the Colorado Supreme Court for failing to hold a due process hearing before imposing reciprocal discipline. The Disciplinary Panel denied Mr. Smith's motion.

Subsequently, Mr. Smith filed a petition for relief from the rule of good standing on the grounds that (1) the Colorado Supreme Court's reciprocal discipline denied him due process because that court's Hearing Board did not hear evidence concerning the reciprocal discipline charges; and (2) failure to reinstate

him would be a grave injustice since the Tenth Circuit had readmitted him. The Disciplinary Panel reviewed the recommendation of the Committee on Conduct and the disciplinary file and denied the petition, finding that Mr. Smith failed to offer clear and convincing evidence to support his petition and that the petition was merely an attempt to circumvent the Disciplinary Panel's prior two orders denying reinstatement. The Disciplinary Committee reiterated that Mr. Smith remained disbarred by the Colorado Supreme Court.

Mr. Smith appeals from all three of the Disciplinary Panel's orders denying him readmission to the Colorado district court bar. We review the denial of reinstatement under the abuse of discretion standard. *See Martin*, 400 F.3d at 841. Our review of legal issues, however, is plenary. *See id.*

Mr. Smith first argues that he was not given notice that the Disciplinary Panel would apply the rule of good standing, *see* D.C. Colo. L. Civ. R. 83.3E and D.C. Colo. L. Cr. R. 57.5E, when assessing his petition for reinstatement to the district court's bar. To the contrary, the form application for reinstatement that Mr. Smith submitted to the district court begins with the very notification that the good-standing rules apply. Aplt. App. at 14. Those rules, as relevant here, state that

> [a]n attorney admitted to the bar of this court must remain in good standing in all courts where admitted. "In good standing" means not subject to suspension or disbarment by any court for any reason. An attorney who is not in good standing shall not practice before the bar of this court . . . .

D.C. Colo. L. Civ. R. 83.3E; D.C. Colo. L. Cr. R. 57.5E. Additionally, the form

cited to Local Rules 83.5I and 57.7I in its title and twice in its body. Aplt. App.

at 14-15. These rules state that:

> An attorney applying for reinstatement or readmission to this court
> following reinstatement or readmission by the original disciplining
> court who remains . . . disbarred in a court other than the original
> disciplining court or this court is subject to D.C.COLO.LCivR 83.3E
> and D.C.COLO.LCrR 57.5E requiring attorneys to be in good
> standing where admitted in order to be or remain admitted to the bar
> of this court. An attorney . . . disbarred automatically in a court
> other than the original disciplining court or this court as a result of
> . . . disbarment by the original disciplining court may petition this
> court for relief from the rule of good standing pursuant to
> D.C.COLO.LCivR 83.3F or D.C.COLO.LCrR 57.5F, stating
> appropriate grounds for relief.

Mr. Smith certified in the reinstatement application that he had read and was

familiar with these local rules. Aplt. App. at 15.

Without question, "the federal district court has a right to establish its own

standards for admission to practice." *Mattox v. Disciplinary Panel of U.S. Dist.

Ct. for Dist. of Colo.*, 758 F.2d 1362, 1364 (10th Cir. 1985); *see also Chambers v.

NASCO, Inc.*, 501 U.S. 32, 43 (1991) (deciding district court has inherent

authority to control admission to its bar). The Disciplinary Panel adhered to the

court's own rules in denying Mr. Smith readmission. *See Mattox*, 758 F.2d at

1364 (stating that proper question on appeal is "whether the district court has

adhered to its own rules"). Mr. Smith has not been reinstated to the Colorado

Supreme Court and his membership in that bar is required before he can be

reinstated to the district court's bar.  The district court therefore did not abuse its discretion in denying his petition for reinstatement.  *Cf. In re Kandekore*, 460 F.3d 276, 280 (2d Cir. 2006) (per curiam) (holding "that the district court could properly deny [attorney's] readmission on the ground that he had not been readmitted to the bar of the state of New York").  Nor did the district court abuse its discretion in denying his motion to alter or amend the judgment.

Mr. Smith next argues that he was denied his Fifth Amendment right to due process because the Disciplinary Panel either erred in refusing to disclose items from the record on appeal, including the Committee on Conduct's recommendation on his application for reinstatement and the underlying documentation, or erred in refusing to supplement the record on appeal with the omitted items.  Mr. Smith's argument is conclusory, and he cites no authority requiring the Disciplinary Panel to disclose these items.  Because this issue is not

adequately briefed, we deem it waived.[2] *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002).

Mr. Smith also argues that former Chief Judge Nottingham should have disqualified himself from the Disciplinary Panel under 28 U.S.C. § 455(a) and (b) due to his bias against Mr. Smith. Mr. Smith, however, never asserted a bias argument before the Disciplinary Panel. Thus, this argument is waived. *See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005).

Even if we considered this argument, we would conclude that Mr. Smith did not show bias. Contrary to Mr. Smith's contention, the judge's sanctioning him during prior district court proceedings and reciprocally disbarring him without holding a due process hearing on the reciprocal discipline charges are insufficient to suggest partiality requiring recusal. These bias accusations are

---

[2] Mr. Smith's total discussion of the issue consists of the following:

> The Disciplinary Panel also abused its discretion and/or committed reversible error by refusing to disclose items omitted from the record on appeal, including but not limited to, the recommendation of the Committee on Conduct on Smith's Application for reinstatement to the District Court's bar, as well as the underlying documentation, or to supplement the record on appeal with the omitted items, which were necessary for Smith to be able to prepare and submit his brief and appendix on appeal. Therefore, in the absence of the omitted items, Smith was deprived of his Fifth Amendment right to due process of law.

Aplt. Br. at 11 (footnote citing to appendix omitted).

grounded primarily in prior judicial rulings against Mr. Smith, which almost never show partiality requiring a judge's recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Also, Mr. Smith contends that former Chief Judge Nottingham's bias tainted the proceedings making it impossible for Mr. Smith to receive a fair and impartial decision on his application for reinstatement. This contention is wholly conclusory and therefore deemed waived. *See Utahns for Better Transp.*, 305 F.3d at 1175. In any event, there were two other judges on the Disciplinary Panel deciding whether to reinstate Mr. Smith, Mr. Smith does not argue that either of those judges was biased, and the Panel's decision against reinstatement was unanimous.

Lastly, Mr. Smith argues that he presented clear and convincing evidence that the Disciplinary Panel should have granted his petition for relief from the rule of good standing and that he was not merely attempting to circumvent the Disciplinary Panel's two prior orders denying reinstatement. To support his argument, he merely quotes from his petition. But the quote does not address the Disciplinary Panel's order and reasoning. *Cf. Semsroth v. City of Wichita*, 555 F.3d 1182, 1186 n.5 (10th Cir. 2009) (deciding that where appellate brief was verbatim copy of summary judgment response, brief "inherently fail[ed] to address in a direct way the decision under review and, as a result, does not effectively come to grips with the district court's analysis of the deficiencies in [appellants'] case"). Thus, he fails to show by clear and convincing evidence that

he should be relieved from the rule of good standing. *See, e.g., In re Oliveras Lopez de Victoria*, 561 F.3d 1, 4 (1st Cir. 2009) (per curiam); *In re Kramer*, 282 F.3d 721, 724, 725 (9th Cir. 2002). Nor does he show that he was not merely trying to circumvent the Disciplinary Panel's first two orders.

Because Mr. Smith has failed to show any defect in the Disciplinary Panel's proceedings denying him reinstatement or relief from the good standing requirement, we AFFIRM the district court's orders.

Entered for the Court

Wade Brorby
Senior Circuit Judge