**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

M. JULIA HOOK; DAVID L. SMITH,

      Debtors.

_____

DAVID L. SMITH,

      Plaintiff-Appellant,

M. JULIA HOOK,

      Plaintiff,

v.

UNITED STATES OF AMERICA;
COMMISSIONER OF INTERNAL
REVENUE; HARRY T. MANAKA;
DIANE M. PHILLIPS; GARY T.
EASLEY,

      Defendants-Appellees.

No. 08-1418
(D.C. No. 1:07-CV-00876-BSJ)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

_____

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **McKAY**, and **ANDERSON**, Circuit Judges.

David Lee Smith, an attorney who frequently and unsuccessfully litigates on his own behalf, challenges the dismissal of his adversary proceeding against the United States, the Internal Revenue Service (IRS), and individual IRS employees.[1]  We dismiss the matter for Mr. Smith's failure to pay the sanctions we imposed in *Smith v. C.I.R.*, 160 F. App'x 666, 670 (10th Cir. 2005).

Mr. Smith and M. Julia Hook (Mr. Smith's wife) filed an adversary proceeding in their Chapter 11 bankruptcy case asserting wrongful assessment and collection of  their federal income taxes.  In their complaint, they sought a declaratory judgment, injunctive relief, economic damages, and punitive damages.

[1]     In this court alone, Mr. Smith's cases include:  *In re Smith*, No. 08-1323, 2009 WL 1303165 (10th Cir. May 12, 2009) (affirming denial of reinstatement to the bar of the United States District Court for the District of Colorado); *In re Smith,* 287 F. App'x 683, 684 (10th Cir. 2008) (affirming dismissal of bankruptcy adversary proceeding seeking restoration of privileges as a licensed Colorado attorney); *Smith v. Seymour,* 229 F. App'x 811, 812 (10th Cir. 2007) (affirming dismissal of complaint against judges of this court, the clerk of this court, other courts involved in disciplinary decisions, a justice of the Colorado Supreme Court, and his attorney in disciplinary proceedings); *Smith v. C.I.R.*, 160 F. App'x 666, 668-70 (10th Cir. 2005) (affirming United States Tax Court's denial of his motions for leave to file motions to vacate or revise and imposing monetary sanctions); *Smith v. Figa & Burns,* 69 F. App'x 922, 926 (10th Cir. 2003) (dismissing appeal filed by Smith's wife concerning his malpractice claims and affirming district court's judgment on the couple's remaining claims); *Marks v. U.S. West Direct*, No. 98-1043, 1998 WL 856139, *1 (10th Cir. Dec. 11, 1998) (dismissing Smith's nonparty appeal for lack of standing); *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (suspending Mr. Smith "from the practice of law before this court until all sanctions are paid).

For numerous reasons, the bankruptcy court dismissed each of their claims and the district court affirmed. Mr. Smith has appealed.[2]

This court, however, previously imposed sanctions for Mr. Smith's "blatant waste of judicial time and resources" in pursuing a frivolous appeal. *Id.* We ordered Mr. Smith to pay $6,000 to the Commissioner of Internal Revenue for costs incurred in defending against a frivolous appeal. *Id.*[3] The brief filed in this case by the Tax Division, Department of Justice, states that its records do not reflect payment of this amount. Mr. Smith does not contend otherwise. Rather, he asserts that he listed the sanction amount in his bankruptcy case as a disputed claim, but the Commissioner failed to pursue the claim. He also argues that tax-collection procedures have interfered with his ability to pay the sanction.

Mr. Smith's underlying Chapter 11 bankruptcy case was dismissed in August 2008 for failure to file an acceptable plan within a reasonable time. *See Smith v. Colo. Dep't of Revenue (In re Hook)*, BAP No. CO-07-106 (B.A.P. 10th Cir. Aug. 26, 2008) (unpublished). By statute, dismissal of a bankruptcy case returns the interests of a debtor and his creditors to their status before filing the case. *See* 11 U.S.C. § 349(b)(3) (dismissal "revests the property of the estate in the entity in which such property was vested immediately before the

---

[2]     Ms. Hook is not a party to this appeal. After her motion to dismiss the appeal was granted, the case has proceeded with Mr. Smith as the sole appellant.

[3]     Mr. Smith and Ms. Hook were found jointly and severally liable for payment of the sanctions. *Smith*, 160 F. App'x at 670.

commencement of the case under this title"). Mr. Smith's listing of the sanction amount in his bankruptcy proceeding ceased to have any legal effect after the Bankruptcy Appellate Panel affirmed the dismissal. Moreover, we are not persuaded that financial difficulties arising from the government's tax-collection efforts excuse his nonpayment.

"Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. This power also extends to a litigant's failure to pay previously imposed sanctions." *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993), *on reconsideration*, No. 91-35888, 1993 WL 259483 (9th Cir. 1993) (citations omitted). As the Second Circuit has explained, sanctions act as "a warning to a vexatious litigant (and others contemplating frivolous appeals) that the processes of a court may not be abused with impunity in the future." *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir. 1985) (*per curiam*). "To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom . . . sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court." *Id.*; *see also Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) (precluding litigant from pursuing additional appeals until providing proof of compliance with previously imposed sanctions).

Because Mr. Smith has not complied with our order requiring him to pay $6,000 to the Commissioner, we DISMISS this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge