DAVID L. SMITH, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Smith v. Comm'r
Docket No. 27995-09
United States Tax Court
2010 U.S. Tax Ct. LEXIS 69; January 7, 2011, Decided
Smith v. United States (In re Hook), 336 Fed. Appx. 789, 2009 U.S. App. LEXIS 14736 (10th Cir. Colo., 2009)
*69 David L. Smith, Petitioner, Pro se.
For Respondent: Miles B. Fuller, Denver, CO.
Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER AND DECISION
This section 6330(d)[1] case is before the Court on respondent's Motion for Summary Judgment, filed June 17, 2010, as supplemented October 20, 2010. Respondent seeks to sustain a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated October 27, 2009, upholding a proposed levy collection action with respect to petitioner's outstanding 2006 Federal income tax liability.
There are no genuine issues of material fact in this case, and we conclude that respondent is entitled to judgment as a matter of law as provided herein.
Petitioner resided in Denver, Colorado, at the time the petition in this case was filed.
A. Background
The record establishes and/or the parties do not dispute the following.
Petitioner and his estranged spouse, Mary Julia Hook, filed a joint 2006 Federal income tax return but failed to pay the entire tax shown on that *70 return to be due. Respondent subsequently, on December 3, 2007, issued to petitioner and Ms. Hook a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to unpaid liabilities for the 2006 tax year. Ted H. Merriam, a representative of petitioner and Ms. Hook, thereafter timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he disputed on their behalf the proposed levy action for 2006.[2] *71 The explanation for their disagreement, as provided in an attachment to the Form 12153, offered generalized statements that it had not been shown all legal and procedural requirements were met, that the taxpayers were challenging the appropriateness of the collection action, that less intrusive methods were available, and that the proposed levy did not properly balance need and intrusiveness.
Subsequently, a Settlement Officer (SO) of the Internal Revenue Service (IRS) Office of Appeals sent to petitioner a letter dated January 24, 2008, scheduling a telephone conference for February 20, 2008, and, to the extent that petitioner wished the SO to consider collection alternatives, requesting financial information including "a completed Collection Information Statement Form 433-A for individuals, plus verification of all income and expenses". The proposed hearing was not held, however, because on February 5, 2008, Ms. Hook filed a Chapter 11 bankruptcy proceeding. Consequently, the collection hearing process was stayed pending a resolution of the bankruptcy matter.
After a reorganization plan was confirmed in Ms. Hook's Chapter 11 case, the SO contacted Mr. Merriam to inquire as to the status of the so-called CDP request. Mr. Merriam indicated that his firm at that juncture only represented Ms. Hook, no longer represented petitioner, and that Ms. Hook no longer needed a CDP hearing because the 2006 liability was being handled as part of the bankruptcy proceeding. A formal withdrawal of her request then followed.
On August 7, 2009, the SO sent *72 to petitioner a letter substantially similar to the earlier January 24, 2008, correspondence regarding a conference and financial information. This latest letter, inter alia, scheduled a telephone conference for August 24, 2009, but noted that petitioner would need to provide his telephone number. When petitioner failed to contact the SO on or before August 24, 2009, the SO sent a further letter of that date scheduling a "FINAL HEARING" for September 10, 2009, and reiterating that petitioner needed to provide his telephone number.
Petitioner responded on September 3, 2009, by facsimile. The brief fax noted petitioner's understanding that the collection matter and concomitant request for copies of purportedly unfiled 2007 and 2008 returns were "moot due to the pending bankruptcy case". He also complained that efforts to collect the 2006 taxes were premature due to lack of audit, of determination of underpayment, and of levy notice.
The SO in turn, on September 9, 2009, faxed to petitioner a letter addressing the issues raised in petitioner's fax and reaffirming that the telephone hearing was still scheduled for the following day, September 10. In particular, the SO emphasized that the *73 CDP request as to petitioner was unaffected by Ms. Hook's separate bankruptcy. The SO also explained that the 2006 liability was assessed based upon petitioner's filed income tax return and that a corresponding final notice of intent to levy had been sent, which notice had prompted submission of petitioner's CDP request in the first instance.
Petitioner did not thereafter respond to the SO's fax or otherwise provide a contact number or any further information. Accordingly, no telephone hearing was held. At that juncture, the SO through review of files and transcripts verified that requirements of applicable law and administrative procedure had been met by verifying the timeliness of assessment of amounts in dispute and verifying that appropriate collection notices had been sent to petitioner. The SO balanced the need for efficient collection of taxes with the legitimate concern of petitioner that any collection be no more intrusive than necessary by finding that no alternative collection action would be available or proper at that time given petitioner's failure to respond meaningfully during the collection process with issues or information for consideration.
On October 27, 2009, respondent *74 issued to petitioner the aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed levy action for the 2006 taxable year as to petitioner (but not Ms. Hook).
On November 24, 2009, petitioner filed the petition commencing this case. In that document, and a subsequent substantially identical amended petition, petitioner indicated that he was disputing the notice of determination and explained his disagreement principally in terms of a denial that taxes were due for 2006 and earlier years 1994, 1995, 1996, and 2004; an assertion of inability to pay; and a claim of entitlement to relief from joint and several liability under section 6015.
Respondent thereafter filed on January 12, 2010, a Motion To Dismiss for Lack of Jurisdiction and To Strike as to the Taxable Years 1994, 1995, 1996 and 2004, which motion was granted by Order dated February 4, 2010. Respondent then filed the Motion for Summary Judgment presently before the Court on June 17, 2010. On July 8, 2010, petitioner filed an objection to respondent's motion. His arguments therein essentially reprised and expanded upon the points raised in the petition, *75 attaching further materials consisting largely of copies of documents filed in other actions relating to petitioner and/or Ms. Hook.[3]
B. Discussion1. Summary Judgment
Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). We may grant summary judgment only if there are no genuine issues of material fact. *76 Naftel v. Commissioner, 85 T.C. 527, 529 (1985).
Respondent, as the moving party, bears the burden of proving that no genuine issue exists as to any material fact and that respondent is entitled to judgment as a matter of law. FPL Group, Inc. v. Commissioner, 115 T.C. 554 (2000); Bond v. Commissioner, 100 T.C. 32, 36 (1993); Naftel v. Commissioner, supra. In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party. FPL Group, Inc. v. Commissioner, supra; Bond v. Commissioner, supra; Naftel v. Commissioner, supra.The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); King v. Commissioner, 87 T.C. 1213, 1217 (1986); Shepherd v. Commissioner, T.C. Memo. 1997-555. When the moving party has carried its burden, however, the party opposing the summary judgment motion must do more than simply show that "there *77 is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but * * * must set forth specific facts showing there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Where the record viewed as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no "genuine issue for trial". Matsushita Elec. Indus. Co. v. Zenith Radio Corp., supra at 587.
Under Rule 121(d), if the adverse party does not respond to the motion for summary judgment, then this Court may enter a decision where appropriate against that party. See King v. Commissioner, supra at 1217; Shepherd v. Commissioner, supra. Here, petitioner has responded to the motion for summary judgment, but the record in this matter shows that respondent is entitled to summary judgment on the merits of the case.
2. Hearings Under Section 6330
Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after *78 a notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to "unpaid tax" only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.
If a section 6330 hearing is requested, the hearing is to be conducted by the IRS Office of Appeals, and, at the hearing, the officer conducting the conference must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1), (c)(1). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c) (2) (A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c) (2) (B); see Montgomery v. Commissioner, 122 T.C. 1 (2004). *79 This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004). Where the underlying tax liability is properly at issue, we review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182.
a. Underlying Tax Liability
The petition underlying this action attempts to deny liability for taxes due for 2006 and earlier years.[4] However, the record herein indicates that, during the administrative process, petitioner did not dispute the underlying 2006 liability. His Form 12153 is silent as to liability, and his later comments regarding bankruptcy do not seem to suggest inaccuracy in the self-reported amount, only a belief that it was "moot" or taken care of through the bankruptcy proceeding. The general rule in this Court is that, on appeal of a collection determination, the Court will limit its review to those issues properly raised during the collection hearing. Giamelli v. Commissioner, 129 T.C. 107, 114-115 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002). *80 Accordingly, we will not consider the underlying 2006 liability and will review respondent's determination for abuse of discretion. Goza v. Commissioner, supra at 182. Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. Freije v. Commissioner, 125 T.C. 14, 23 (2005); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 371 (1995).
b. Spousal Defenses, Challenges to the Appropriateness of Collection Actions, and Collection Alternatives
A similar problem infects petitioner's other assignments of error in the petition. He failed to participate in any meaningful way in the hearing process and, consequently, raised no substantive claims as to spousal relief, appropriateness,[5] or collection alternatives for the SO to consider. For instance, his Form 12153 makes no mention of spousal defenses, and he never provided financial information that would have enabled analysis of collection alternatives. His attempts to press those matters now are not well taken. *81 Thus, we do not consider them here. See Giamelli v. Commissioner, supra at 114-115; Magana v. Commissioner, supra at 493; Taylor v. Commissioner, T.C. Memo. 2009-27; Roman v. Commissioner, T.C. Memo. 2004-20.
c. Verification of Procedures
It is well settled that no particular form of verification is required, that no particular document need be provided to taxpayers at a hearing conducted under section 6330, and that Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters and transcripts of account may be used to satisfy the requirements of section 6330(c)(1). Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001). The Forms 4340, transcripts, and materials that are attached as exhibits to respondent's motion for summary *82 judgment, as supplemented, and/or the accompanying declaration, along with the statements of the officer in the notice of determination, show that required assessment and collection procedures were followed.
We conclude that there are no genuine issues of material fact for trial and that respondent's determination to proceed with collection was not an abuse of discretion.
C. Conclusion
Drawing all factual inferences against respondent, the Court concludes that there are no genuine issues of material fact in this case, and that respondent is entitled to judgment as a matter of law.
Finally, in reaching the conclusions described herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.
Premises considered, it is
ORDERED that respondent's Motion for Summary Judgment, filed June 17, 2010, as supplemented October 20, 2010, is granted. It is further
ORDERED AND DECIDED that respondent may proceed with collection as determined in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated October 27, 2009, upon which this case is based.
/s/ Lewis R. Carluzzo
Special Trial Judge *83 ENTERED: JAN 07 2011
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A second Form 12153 was submitted on the same date and comprised an untimely request for hearing in response to an earlier May 21, 2004, notice of intent to levy for tax years 1993 through 1996. Because more than one year had elapsed since the notice, no equivalent hearing was available or afforded pursuant to sec. 301.6330-1(i)(2), Q & A I7, Proced. & Admin. Regs.
3. Petitioner and Ms. Hook have a long history of litigation before both this and other courts. For example, the instant case is petitioner's fourth docketed Tax Court proceeding, following dkt. Nos. 8747-00, 11725-02, and 22223-07. Previous opinions by this Court include Smith v. Commissioner, T.C. Memo. 2003-266, affd. 160 Fed. Appx. 666 (10th Cir. 2005), and affd. sub nom. Hook v. Commissioner, 103 Fed. Appx. 661 (10th Cir. 2004); Smith v. Commissioner, T.C. Memo. 2009-33; and Smith v. Commissioner, T.C. Memo. 2010-240↩. The just-cited opinions also provide a summary of other forays by petitioner into various judicial arenas and note sanctions to which he has been subjected in that regard.
4. All other years have been dismissed for lack of jurisdiction, as indicated supra↩ in text, and are not before the Court.
5. To the extent that petitioner's brief statement by fax regarding Ms. Hook's bankruptcy can be read as a challenge to the appropriateness of the proposed collection action, the SO properly addressed that concern during the administrative process, and petitioner has not pursued it in the petition or amended petition.↩