**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLEN RUSSELL,

        Plaintiff-Appellant,

  v.

SHERMAN AND HOWARD, LLC;
JACK SILVER; KENNETH SIEGEL;
TAMIR GOLDSTIEN; MARTIN
EGGLEHOFF, District Court Judge;
WAYNE VADEN; ANITA DUMAS;
STATE OF COLORADO; DENVER
SHERIFF'S DEPARTMENT,

        Defendants-Appellees.

No. 06-1056
(D.C. No. 05-CV-00446-REB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

Allen Russell has been involved in numerous state and federal legal actions

arising out of the foreclosure of certain real property in Denver, Colorado. In the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

case underlying this appeal, the district court dismissed the action under the *Rooker-Feldman* doctrine.[1]  Mr. Russell, proceeding pro se, filed an opening brief nearly thirty pages long.  While that brief recounts many of Mr. Russell's dissatisfactions with the Colorado state court proceedings and refers to rulings in a separate federal court action, it barely mentions the case underlying this appeal and contains no argument why the district court's decision should be reversed.  Consequently, we affirm the district court's dismissal.

Although we construe pro se filings liberally, Mr. Russell's pro se status does not excuse him from "comply[ing] with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  Among these requirements is a directive for the appellant to set forth his or her arguments in the opening brief, with supporting authority and citations to the record.  Fed. R. App. P. 28(a)(9)(A).  "Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority.  When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (alteration, citation, and quotation omitted); *see also Drake v. City of Fort Collins,* 927 F.2d 1156,

---

[1]    *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

-2-

1159 (10th Cir. 1991) (stating that this "court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). In short, "[a]rguments inadequately briefed in the opening brief are waived." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). Mr. Russell's failure to raise any arguments in his opening brief regarding the underlying district court decision necessarily results in a waiver on appeal.[2]

Mr. Russell's motions to proceed on appeal without prepaying costs and fees, for appointment of counsel, and to file a supplemental reply brief are DENIED. Appellees' motion to dismiss the appeal for Mr. Russell's failure to comply with Federal Rule of Appellate Procedure 28 is DENIED. The judgment of the district court is AFFIRMED.

<div style="margin-left:50%">

Entered for the Court


Bobby R. Baldock
Circuit Judge

</div>

---

[2]    While Mr. Russell's reply brief does mention the order underlying the appeal, "[t]his court does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).