**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK MOFFETT,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant - Appellee.

No. 14-3075
(D.C. No. 6:12-CV-01443-SAC)
(D. Kan.)

**ORDER AND JUDGMENT***

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Mark Moffett, proceeding pro se, appeals from a judgment of the district court

that affirmed the Commissioner's decision to deny his application for disability

insurance benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), we affirm.

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Moffett alleged disability beginning April 1997. His insured status expired in December 2002. Mr. Moffett previously applied for disability benefits and was found not disabled in a 2000 decision. The relevant period for this case therefore spans from May 2000, after the previously adjudicated period, to December 31, 2002, the date Mr. Moffett's insured status expired.

Mr. Moffett had a hearing on his application before an administrative law judge (ALJ). The ALJ determined that Mr. Moffett had the following severe impairments: status post left ankle fracture with open reduction and internal fixation, and degenerative arthritis of the left ankle secondary to that fracture. The ALJ also noted that Mr. Moffett had been diagnosed with an affective disorder of major depression and alcohol abuse disorder. The ALJ found, however, that Mr. Moffett retained the residual functional capacity to perform sedentary work, with some additional restrictions. Although the ALJ determined that Mr. Moffett could not return to his past relevant work, he concluded that he was not disabled because he could perform other jobs that existed in significant numbers in the national economy. The Appeals Council denied review, and the district court affirmed the ALJ's decision. This appeal followed.

Mr. Moffett's pro se appellate brief is inadequate as he does not support his arguments with citations to the record or any legal authorities and therefore fails to comply with Federal Rule of Appellate Procedure 28(a)(8)(A). *See id.* (providing that an appellant's opening brief "must contain . . . appellant's contentions and the

reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Although his brief is deficient, we have considered the arguments he raises that were raised before the district court. *See Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) ("The scope of our review . . . is limited to the issues the claimant properly preserves in the district court . . . ."). We conclude, however, that Mr. Moffett has failed to identify any reversible error in the district court's decision upholding the ALJ's denial of benefits. Accordingly, we affirm the district court's judgment for substantially the same reasons stated by the district court in its Memorandum and Order dated February 20, 2014.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge