FILED
United States Court of Appeals
Tenth Circuit

December 12, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

REVEREND BRYAN A. KRUMM,
CNP,

        Plaintiff - Appellant,

v.

ERIC H. HOLDER, JR., Attorney
General of the United States; MICHELE
M. LEONHART, Administrator of the
United States Drug Enforcement
Administration; SYLVIA MATHEWS
BURWELL, Secretary United States
Department of Health and Human
Services; FRANCIS S. COLLINS, M.D.
Director of the National Institute of
Health; NORA D. VOLKOW, M.D.
Director, National Institute on Drug
Abuse; DAMON P. MARTINEZ, United
States Attorney for the District of New
Mexico,[*]

        Defendants - Appellees.

No. 14-2085
(D.C. No. 1:13-CV-00562-RB-SMV)
(D. N.M.)

**ORDER AND JUDGMENT**[**]

---

[*]      Pursuant to Fed. R. App. P. 43(c)(2), Sylvia Mathews Burwell is automatically substituted for Kathleen Sebelius and Damon P. Martinez is substituted for Steven Yarbrough.

[**]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

(continued)

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Bryan A. Krumm, proceeding pro se, appeals the district court's dismissal of his complaint alleging the current classification of marijuana as a Schedule I controlled substance is unlawful and unconstitutional. Asserting claims under the Controlled Substances Act (CSA), the Religious Freedom Restoration Act (RFRA), and the Constitution, Krumm sued the United States Attorney General; the Administrator of the Drug Enforcement Agency (DEA); the Secretary of Health and Human Services (HHS); the Director of the National Institutes of Health (NIH); the Director of the National Institute on Drug Abuse (NIDA) and the United States Attorney for the District of New Mexico. The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ruling it lacked subject matter jurisdiction to decide Krumm's claim that marijuana is improperly classified. The court concluded Krumm's remaining claims were barred either by principles of res judicata or because they failed to state a claim as a matter of law. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The CSA organizes substances into five schedules based on their potential for abuse, accepted medical uses, accepted safety for use under medical supervision, and

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

potential for psychological or physical dependence. *See* 21 U.S.C. § 812(b). Congress classified marijuana as a Schedule I substance when it enacted the CSA, the schedule for substances that have, among other factors, a high potential for abuse and "no currently accepted medical use in treatment in the United States." *Id*. § 812(b)(1)(B). Congress vested the Attorney General with the authority to add, remove, or reschedule controlled substances. *Id*. § 811(a)(2) (authorizing Attorney General to transfer substance between schedules or "remove any drug or other substance from the schedules if he finds that [it] does not meet the requirements for inclusion in any schedule"). Judicial review over "[a]ll final determinations, findings and conclusions of the Attorney General under [the CSA]" is vested exclusively in the circuit courts. *See* 21 U.S.C. § 877.

Krumm has repeatedly challenged marijuana's Schedule I classification. In 1998, he and others raised an equal protection challenge to a government program allowing compassionate use of marijuana by some individuals. *Kuromiya v. United States*, 78 F. Supp. 2d 367, 370-74 (E.D. Pa. 1999) (finding no equal protection violation). In 2002, he and others petitioned the Attorney General to reschedule marijuana pursuant to § 811, claiming scientific studies indicated marijuana is effective in treating various medical conditions (the Gettman Petition). Before the government responded to the Gettman Petition, Krumm filed a complaint in 2008 against the Attorney General, the Acting Administrator of the DEA; the U.S. Attorney for the District of New Mexico; and the New Mexico Attorney General,

seeking an order compelling the federal government to reschedule marijuana. *See Krumm v. Holder*, No. CIV-08-1056 JB/WDS, 2009 WL 1563381 (D. N.M. May 27, 2009) (*Krumm I*). The district court dismissed the *Krumm I* complaint, ruling it lacked subject matter jurisdiction to issue any rescheduling order. *Id.* at \*14. It explained that Krumm's exclusive remedy was to petition the Attorney General for a rescheduling determination and to appeal any adverse ruling to the appropriate circuit court in accordance with 21 U.S.C. § 877. *Id.* at \*\*8-13. In 2011, the Attorney General denied the Gettman Petition based on the DEA's finding that there was no currently accepted medical use for marijuana. The District of Columbia Circuit Court of Appeals affirmed the Attorney General's denial. *Americans for Safe Access v. Drug Enforcement Admin.*, 706 F.3d 438, 452 (D.C. Cir.) (finding DEA's denial of Gettman Petition was not arbitrary or capricious), *cert. denied*, 134 S.Ct. 267, 673 (2013). In 2010, Krumm filed another rescheduling petition with the Attorney General. That petition remains pending.

Krumm's current complaint again alleges that the continued classification of marijuana as a Schedule I substance is unlawful and unconstitutional. Further, he renews his claim that marijuana has an accepted medical use, as evidenced by the several states that have enacted laws authorizing the medical use of marijuana. In his complaint, Krumm identifies himself as a certified nurse practitioner, the Director of New Mexicans for Compassionate Use, and the Bishop of Medicine for the Zen Zion Coptic Orthodox Church. Krumm indicates he wishes to use marijuana to alleviate

- 4 -

his own suffering and those of his patients and to anoint the sick with holy anointing oil made from cannabis. His complaint seeks: (1) an injunction forbidding the defendants from interfering with state medical cannabis programs; (2) a judgment declaring that the CSA cannot allow cannabis to remain in Schedule I due to its accepted medical use; (3) a judgment declaring that the Constitution's Equal Protection Clause protects a state's right to use cannabis for medical purposes; (4) a writ of mandamus ordering the DEA to remove cannabis from Schedule I; (5) a writ of mandamus directing HHS to appoint a panel with specified members to evaluate whether cannabis should be rescheduled or exempted from CSA control entirely; (6) a writ of mandamus ordering the NIH to fund studies regarding the therapeutic use of cannabis; and (7) a writ of mandamus ordering NIDA to supply cannabis for those studies.

The district court ruled it lacked subject matter jurisdiction to issue a declaratory judgment or a writ of mandamus ordering any of the defendants to reschedule marijuana. The court pointed out that the Attorney General, through HHS and the DEA, has exclusive authority under § 811 to reschedule controlled substances, and judicial review over those determinations is vested exclusively in the circuit courts under § 877, as explained in *Krumm I. See also Nat'l Org. for Reform of Marijuana Laws (NORML) v. Bell*, 488 F. Supp. 123, 141 n. 43 (D.D.C. 1980) (holding district court lacked subject matter jurisdiction to hear challenge to administrative decision regarding reclassification under CSA). Because Krumm

already litigated this subject-matter jurisdiction issue as well as his legal arguments regarding the mis-scheduling of marijuana, the district court found these claims in his current complaint to be barred by res judicata principles.

The district court further concluded Krumm's constitutional challenges were barred by res judicata because he had raised, or could have raised, these claims in *Kuromiya*, 78 F. Supp. 2d 367. The court also held Krumm lacked standing to enjoin the defendants from interfering with New Mexico's medical cannabis programs because he alleged no facts suggesting the defendants have so interfered and he lacks standing to seek relief on behalf of New Mexico. Additionally, the district court held Krumm lacked standing to force HHS, the NIH or the NIDA to conduct testing and evaluation of marijuana, or to supply marijuana for such testing. The court noted Krumm's objections to the DEA's marijuana studies had already been rejected in *Americans for Safe Access, id.* at 451-52.

Finally, the district court considered and rejected Krumm's RFRA claim that the current classification of marijuana under the CSA violates his religious freedom to use cannabis as a holy anointing oil. The court concluded this assertion failed to state a claim because Krumm did not seek an exemption from the CSA based on his religion, but rather, he sought the complete removal of marijuana from Schedule I. The district court further "restrict[ed] [Krumm] from filing any future similar suits" in the District of New Mexico.

Our review of Rule 12(b)(1) and 12(b)(6) dismissals is de novo. *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) (per curiam). Because Krumm is proceeding pro se, we construe his brief liberally, but we will not act as a pro se litigant's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). On appeal, Krumm argues (1) the Attorney General and the DEA cannot continue to classify marijuana as a Schedule I substance now that it is accepted for medical use in many states; (2) the DEA's failure to respond to his pending petition to reschedule marijuana warrants relief under 5 U.S.C. § 706(1) of the Administrative Procedure Act or the All Writs Act, 28 U.S.C. § 1651;[1] (3) the district court erred in dismissing his complaint and in imposing filing restrictions on him; (4) the district court failed to address his argument that the states, not HHS, should determine accepted medical practice; and (5) the district court had jurisdiction to consider his claims of violations of his fundamental rights.

We affirm the dismissal of Krumm's complaint for substantially the same reasons relied on by the district court in its thorough and well-reasoned memorandum and order of March 19, 2014. The district court properly held that the principles of res judicata, claim and issue preclusion bar all of Krumm's claims seeking

---

[1]     Krumm filed a petition for writ of mandamus asking this court to order the DEA to respond to his petition to remove cannabis from Schedule I. We denied his petition, ruling he had failed to demonstrate that his right to the writ was clear and indisputable, as required for the issuance of such a writ. *In Re Krumm*, No. 14-2080 (10th Cir. Sept. 2, 2014).

declaratory, injunctive or other relief forcing the rescheduling of marijuana under the CSA. *See San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 545 U.S. 323, 336 n. 16 (2005) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."). Here, Krumm has already litigated and lost most of the claims and arguments he now asserts. To the extent he now asserts novel constitutional and other theories in his efforts to obtain a court order rescheduling marijuana, he could have raised these issues in *Kuromiya*, *Krumm I* or *Americans for Safe Access*.

The district court also correctly ruled that Krumm's complaint fails to allege facts sufficient to state a facial challenge to the CSA under RFRA. *United States v. Friday*, 525 F.3d 938, 951 (10th Cir. 2008) (holding that a facial challenge under RFRA "is one that contends the statute is impermissible in all, or at least the vast majority, of its intended applications") (brackets and internal quotation marks omitted). Further, the district court properly denied Krumm's requests for relief under § 706(1) of the APA and for mandamus relief. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (holding that challenges under § 706(1) are appropriate only when the plaintiff shows "an agency failed to take a discrete agency action that it is required to take") (emphasis omitted), *In re Cooper Tire &*

*Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (holding "a writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances" (internal quotation marks omitted)).

Finally, Krumm asserts the district court erred in barring him "from raising fundamental rights in future proceedings." But Krumm fails to articulate any argument in support of this vague assertion. A party, including a pro se litigant, waives an inadequately briefed issue, and "mere conclusory allegations with no citations to the record or any legal authority for support" are inadequate to preserve an issue for review. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). Krumm further suggests he should not be barred from raising a RFRA defense should he be prosecuted for using marijuana under New Mexico laws, in spite of federal law. However, Krumm's complaint is unfounded since the district court's filing restrictions apply only to lawsuits Krumm initiates, not to any criminal defense he may seek to raise.

The judgment of the district court is affirmed for substantially the same reasons set forth in the district court's Memorandum and Order dated March 19, 2014.

Entered for the Court

Nancy L. Moritz
Circuit Judge

- 9 -