FILED
United States Court of Appeals
Tenth Circuit

April 20, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONNY W. MYERS; BRENDA J.
MYERS,

     Plaintiffs - Appellants,

v.

WELLS FARGO BANK, N.A., Trustee for
Certificate Holders of Bear Stearns Asset-
Backed Securities Trust 2005-1, Asset-
Backed Certificates, Series 2005-1,

     Defendant - Appellee.

No. 16-6316
(D.C. No. 5:16-CV-00663-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    Plaintiffs Donny and Brenda Myers, proceeding pro se, appeal the district court's

dismissal of their complaint, which sought to void a state-foreclosure judgment and

alleged several claims under Oklahoma tort law. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2006, Defendant Wells Fargo filed a petition for foreclosure in Oklahoma state court after Plaintiffs failed to make mortgage payments. The state court entered judgment in favor of Wells Fargo in 2007. Subsequently, Plaintiffs filed numerous motions in state court to vacate the judgment, all of which were denied, arguing that Wells Fargo lacked standing to pursue the foreclosure and that Wells Fargo had committed fraud on the court. (*See* Appellee's Suppl. App. at 1–73.)

In 2016, after losing in state court, Plaintiffs filed a complaint against Wells Fargo in federal district court. The complaint, which invokes Rule 60 of the Federal Rules of Civil Procedure—the rule on requests for relief from a judgment or order—asserts nine "causes of action" including "Lack of Standing/Wrongful Foreclosure," "Fraud upon the Court/Fraud in the Concealment," and "Void Assignment of Note Mortgage & Deed of Trust." (R. at 5.) Plaintiffs also allege their due process rights were violated during the course of the foreclosure proceedings and that Wells Fargo is liable under state tort law for intentional infliction of emotional distress and slander of title.

Wells Fargo moved to dismiss the complaint based on (1) the *Rooker–Feldman* doctrine; (2) claim and issue preclusion; and (3) failure to state a claim. The district court granted the motion and dismissed the case, holding that Plaintiffs' claims were barred by the *Rooker–Feldman* doctrine. It also stated that, even if *Rooker–Feldman* did not apply, the claims "would still be barred under the doctrines of res judicata and/or collateral estoppel." (R. at 1000.) Plaintiffs filed this timely appeal.

"Although we construe pro se filings liberally, [Plaintiffs'] *pro se* status does not excuse [them] from complying with the fundamental requirements of the Federal Rules of

- 2 -

Civil and Appellate Procedure." *Russell v. Sherman & Howard, LLC*, 222 F. App'x 698, 699 (10th Cir. 2007) (internal quotation marks and brackets omitted). "A party, including a pro se litigant, waives an inadequately briefed issue, and 'mere conclusory allegations with no citations to the record or any legal authority for support' are inadequate to preserve an issue for review." *Krumm v. Holder*, 594 F. App'x 497, 501 (10th Cir. 2014) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005)). Plaintiffs' "pro se appellate brief is inadequate as [they do] not support [their] arguments with citations to the record or any legal authorities and therefore fail[] to comply with Federal Rule of Appellate Procedure 28(a)(8)(A)." *Moffett v. Colvin*, 580 F. App'x 688, 689 (10th Cir. 2014).

Nor can Plaintiffs avoid the consequences of their inadequate briefing by incorporating their district court filings by reference. (*See* Appellants' Opening Br. at 4 ("I could go into all of the claims listed in the Complaint but it would be easier to just read the Complaint rather than me double write it.").) Our rules do not allow parties to incorporate by reference the arguments they made in the district court. *See* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court . . . briefs or pleadings is disapproved and does not satisfy the requirements of Fed. R. App. P. 28(a) and (b).") Plaintiffs' "*pro se* status does not except [them] from such established rules." *Wardell v. Duncan*, 470 F.3d 954, 964 (10th Cir. 2006) (holding that a pro se appellant could not incorporate pleadings into his appellate brief).

What's more, Plaintiffs' arguments fail on the merits. "The *Rooker–Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States

Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004) (footnote omitted). It "precludes federal district courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (internal quotation marks omitted).

Without citing any legal authority, Plaintiffs assert that the district court was wrong to dismiss the complaint under *Rooker–Feldman* for two reasons: (1) "*Rooker–Feldman* does not apply where there [are] allegations [that] Extrinsic Fraud ha[s] been committed upon the state court"; and (2) "the [*Rooker–Feldman*] doctrine does not apply if the Plaintiff had no reasonable opportunity to raise his federal claim in state proceedings." (Appellants' Reply Br. at 4; *see also* Appellants' Opening Br. at 4.) But both arguments are foreclosed by circuit precedent: Even if Plaintiffs could prove fraud, we do not recognize an "extrinsic fraud" exception to *Rooker–Feldman*. *See Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (noting that "new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts"); *see also, e.g.*, *Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016) (rejecting the "argument that extrinsic fraud can override *Rooker–Feldman*"). Second, even if Plaintiffs could prove "no reasonable opportunity" to raise their federal claims in the state court proceedings, it is not the case that the state court "had to actually hear every issue" as Plaintiffs argue (Appellants' Reply Br. at 5). The doctrine applies "regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair

opportunity to litigate her claims." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir. 2002), *abrogated in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005); *see also Smith v. Colo. Supreme Court (In re Smith)*, 287 F. App'x 683, 685 (10th Cir. 2008).

For the foregoing reasons, the district court's judgment is **AFFIRMED**. We **GRANT** appellants' motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge