**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JACOB RICHARDSON,

    Plaintiff - Appellant,

v.

TITLE IV-D AGENCY, Colorado Division
of Child Support Services, State
Enforcement Unit for Denver City and
County,

    Defendant - Appellee.

No. 20-1080
(D.C. No. 1:19-CV-01984-RM-NRM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Jacob Richardson, proceeding pro se,[1] appeals from the district court's

dismissal of his action for lack of subject matter jurisdiction. Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Richardson's pro se filings, but we do not act as
his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

I. Background

Mr. Richardson was ordered to pay child support in 1999. In November 2017, a support judgment was filed, which reflected that he should have paid $90,004.64 from November 1999 through April 2015, but that he only paid $14,376.27. He therefore had "an arrearage due and owing" in the amount of $75,668.37. R. at 182.

In 2019, Mr. Richardson filed a pro se complaint against defendant "Title IV-D Agency: Colorado Division of Support Services[,] State Enforcement Unit for Denver City and County."[2] *Id.* at 7. He alleged that the state court issued "an illicit wage assignment as a money judgement [sic]" when it ordered him to pay child support in November 1999. *Id.* at 12. He further alleged that the 2017 support judgment was a void judgment. As a result of these judgments, he asserted that his driver's license was suspended, his passport application was denied, and his credit rating was lowered. He also asserted that the defendant's efforts to enforce the

---

[2] In its motion to dismiss, defendant explained:

> The reference to "Title IV-D" in the Complaint's caption refers to Title IV of the federal Social Security Act . . . . Pursuant to [Colorado Revised Statutes] § 26-13-103, the state department . . . shall establish a program to provide necessary support enforcement services. An agency within the State's department shall be established to administer or supervise the administration of such program in accordance with Title IV-D of the federal Social Security Act . . . . Here, the "Title IV Agency" is the Colorado Department of Human Services.

R. at 35-36 (brackets, citation, and internal quotation marks omitted).

judgments led to attempts to garnish his wages and bank accounts and place a lien on his mother's life insurance proceeds.

Mr. Richardson purported to bring the action on behalf of the United States as a *qui tam* relator under the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733,[3] "reporting acts including but not limited to fraud, conspiracy to deprive civil and constitutional rights, counterfeit, and other actions outside the 'color of law' by a government contractor, the Title IV-D, Child Support Enforcement Unit for the City and County of Denver Colorado." R. at 11.  He asserted claims for:  (1) violations of his constitutional rights; (2) fraud; (3) theft; and (4) stalking and harassment.  He sought money damages for "an illicit, fraudulent, void, and otherwise wrongful money judgement [sic] assigned against him." *Id.* at 12.  And he requested the "arears [sic] be vacated." *Id.* at 24.

Defendant filed a motion to dismiss.  Mr. Richardson filed a response and then the magistrate judge held a hearing on the motion.  After the hearing, the magistrate

---

[3] We have described the FCA as follows:

> Originally passed by Congress in 1863 to combat rampant fraud in Civil War defense contracts, the False Claims Act, as amended, covers all fraudulent attempts to cause the government to pay out sums of money. Section 3730(a) authorizes the Attorney General of the United States to bring civil actions to remedy this fraud, while Section 3730(b)(1) authorizes private individuals, or relators, to bring *qui tam* civil suits on behalf of the government against those suspected of fraud—but only under certain heavily specified and well-familiar circumstances.

*United States ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1172 (10th Cir. 2007) (internal quotation marks and citations omitted).

judge issued a report recommending that the district court dismiss Mr. Richardson's complaint for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. Mr. Richardson filed objections to the report and recommendation. The district court overruled the objections, adopted the magistrate judge's report and recommendation, granted the motion to dismiss, and entered judgment in favor of defendant. This appeal followed.

II. Discussion

We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008). Mr. Richardson argues: (1) jurisdiction and venue were proper in this case; (2) the district court recognized void judgment(s) as valid; (3) the case was not barred by the *Rooker-Feldman* doctrine; and (4) this case is a *qui tam* FCA case and was dismissed in contradiction to the law. We are not persuaded by Mr. Richardson's arguments.

The *Rooker-Feldman* doctrine bars federal district courts from reviewing state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). More specifically, the doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. "[A]n element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012).

As the district court explained in its dismissal order, "[h]ere, a component of all Plaintiff's claims is that he denies a valid and enforceable support order or judgment was ever entered against him." R. at 483. And, "he has not identified any injury that does not stem from either the 1999 support order or the 2017 support judgment." *Id.* Because granting Mr. Richardson any of the relief he seeks would require undoing the underlying order or judgment, the district court agreed with the magistrate judge that the *Rooker-Feldman* doctrine barred Mr. Richardson's claims.

On appeal, Mr. Richardson continues to assert that the November 1999 judgment is a void judgment because it "was based off of a repealed statute (wage assignment repealed in 1997)." Aplt. Opening Br. at 22. He further asserts that the November 2017 judgment is also void. He continues to argue that there was no valid, enforceable judgment, the void judgments should not "be recognized and given validity by the District Court," and "the District Court was required to take action to vacate, correct, and/or rectify" the void judgments. *Id.* at 26. But as we have explained, "[w]hat is prohibited under *Rooker-Feldman* is a federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018) (emphasis omitted)

Mr. Richardson argues, however, that *Rooker-Feldman* does not bar his claims because defendant used fraud to procure a void judgment. He cites to cases from two other circuits and a district court in New York to support his argument "that *Rooker-Feldman* does not prevent the lower federal courts from reviewing state-court

5

judgements [sic] that were allegedly procured through fraud." Aplt. Opening Br. at 31 (italics omitted). But we have not adopted that position. Instead, we have explained that "new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006); *see also, e.g.*, *Myers v. Wells Fargo Bank, N.A.*, 685 F. App'x 679, 681 (10th Cir. 2017) (explaining that "we do not recognize an 'extrinsic fraud' exception to *Rooker-Feldman*" (citing *Tal*, 453 F.3d at 1256)); *Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016) (noting that appellant's argument that extrinsic fraud can override *Rooker-Feldman* was only supported by cases outside the Tenth Circuit and citing *Tal*, 453 F.3d at 1256, to reject the argument).

Finally, Mr. Richardson argues that his *qui tam* action "was dismissed based on an incomplete filing for dismissal" because the United States did not consent or stipulate to the dismissal. Aplt. Opening Br. at 33. He does not cite to any specific authority to support this argument, but 31 U.S.C. § 3730(b)(1) does state that a *qui tam* action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." § 3730(b)(1). We observed that "[t]his provision allows the government to resist unfavorable settlements and protect its ability to prosecute matters in the future." *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1250 (10th Cir. 2017) (brackets and internal quotation marks omitted). And we explained that "[i]n light of that purpose, § 3730(b)(1) only prohibits an FCA relator from *voluntarily dismissing* his complaint without consent." *Id.* (emphasis added). The consent of the United

States is not required when a court grants a motion to dismiss and dismisses a complaint. *See id.*

    III. <u>Conclusion</u>

    Mr. Richardson has not shown that the district court erred in dismissing his action for lack of subject matter jurisdiction. Accordingly, we affirm the district court's judgment.

                                    Entered for the Court


                                    Bobby R. Baldock
                                    Circuit Judge